UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SETH MONROE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:10-CV-396 |
| | § | |
| EDGAR HULIPAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

Seth Monroe (TDCJ #1447542), a state inmate, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Monroe proceeds *pro* se and *in forma pauperis*. Having carefully reviewed the complaint, Monroe's medical records, which were provided by the Texas Attorney General via a *Martinez*[1] report, and relevant grievances, the Court finds that this case must be dismissed for the reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915A(b)(1). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). The determination

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987)

whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to rise above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002).

A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). As a state prisoner, plaintiff has a right to basic treatment in response to his serious medical needs. *Estelle v. Gamble*, 429 U.S. at 97, 103 (1976).

Monroe is a forty-eight year old man who suffers from hypertension and schizoaffective disorder. He complains that defendants were deliberately indifferent to his serious medical needs regarding his swollen left eye. On August 18, 2010, Monroe submitted an "emergency medical grievance" on a Step One grievance form alleging that he had been refused access to the unit infirmary for a

swollen left eye, and that defendants had harassed and retaliated against him because he had done so. The grievance was returned to Monroe with instructions to follow the proper protocol and submit a sick call request when complaining of a medical problem or requesting medical attention. Monroe filed a Step 2 grievance complaining that the Step One grievance response demonstrated a callous disregard to his medical needs and violated policy regarding "emergency grievances."

Monroe's medical records reveal that he submitted a sick call request on August 5, 2010, and was seen by medical staff on August 6, 2010. He made no complaint to the health care provider about his eye. (DE 4, Exh. A). Monroe was seen again on August 12, 2010, in response to a sick call request he submitted on August 11, 2010. Nurse Megan Mulcare's examination notes reveal that Monroe complained of a swollen left eye. She determined that the swelling was due either to allergies or some sort of irritant, most likely, dust. She rinsed his eye with sterile water and prescribed chlorphon, an antihistamine. On August 13, 2010, Monroe was seen again by medical staff for his swollen eye. He was examined by Nurse Theresa Swanson, who determined that he was suffering from allergies and that he should continue taking the medication he was prescribed the day before. Nurse Swanson also informed Monroe that if his eye was not better in two to three days, that he should resubmit a sick call request and return to medical for further

treatment. Monroe was seen several more times by health care providers between August 14, 2010 and August 25, 2010, but he did not complain about his eye, nor did he submit any sick call requests. *Id.* On August 25, 2010, Monroe was examined by Dr. Hulipas for complaints of a swollen eye. Dr. Hulipas's examination determined that there was no swelling, redness or discharge of or around Monroe's eye, and no acute findings. Monroe was instructed to submit a sick call request as needed. On August 27, 2010, Monroe was examined by Dr. Brophy, who determined that there was nothing medically wrong with him and that he could return to work at full duty without restriction. (DE 4, Exh. A at 31).

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment," and this includes "indifference . . . manifested by prison doctors in their response to the prisoner's needs. *Estelle v. Gamble*, 429 U.S. 97, 105-105 (1976). "Deliberate indifference is an extremely high standard to meet," *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), and prescribes that a defendant's conduct rise "to the level of egregious conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). To establish deliberate indifference, it must be shown that (1) the defendant was aware of facts from which he could deduce that the inmate's health was at risk and (2) that the defendant actually drew an inference that the potential for harm existed. *Farmer v.*

*Brennan*, 511 U.S. 823, 837 (1994). There must be evidence showing that the defendant actually knew of the inmate's serious medical need or condition and disregarded it. *Brewer v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (*quoting Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The risk must be a serious physical threat that is apparent and easily recognized. *Gobert v. Caldwell,* 463 F.3d 339, 345 n. 12 (5th Cir. 2006).

A plaintiff must allege and raise a fact issue as to whether prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Medical records showing that an inmate received treatment may rebut the inmate's allegations of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991)

Plaintiff's medical records do not indicate that Monroe was ever mistreated or denied medical treatment. In fact, he received ample medical care and was seen or examined by medical staff seven times in August. Each time that he submitted a sick call request pertaining to his swollen eye, he was examined either the same day or the next day. There is no evidence that medical treatment was ever delayed or denied. In fact, medical records show that after August 17, 2010, Monroe no longer complained about his swollen eye; instead, he began to complain about

dental work. (DE 24, Exh. A at 34, 35). Monroe may have been dissatisfied with his medical treatment, but unsuccessful medical treatment does not give rise to a section 1983 cause of action, nor does a disagreement between an inmate and a physician concerning the appropriateness of certain medical care or opinions. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Moreover, it is well established that allegations of unsuccessful medical treatment, acts of negligence, or medical malpractice "do not constitute deliberate indifference." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847). Thus, allegations of negligence and medical malpractice will not suffice to demonstrate an Eighth Amendment claim of deliberate indifference. *See Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Monroe's claim of deliberate indifference to his serious medical needs is without merit and frivolous.

Monroe also cursorily complains that defendants retaliated against him for trying to use the grievance system to seek informal resolution of medical problems pertaining to his eye. To state a retaliation claim under section 1983, an inmate must allege (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir 1998). The inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), *cert. denied*, 522 U.S. 995

(1997).  Mere conclusory allegations of retaliation will not suffice.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Instead, the inmate must either produce direct evidence of motivation, or, construct a chronology of events from which retaliation may be inferred.  *Id*. At 1166.

Monroe presents no credible facts or evidence from which retaliation could plausibly be inferred; nor do the records reflect any evidence, at all, of motivation.  Monroe fails to state claim of retaliation.

Based on the foregoing, this case is **DISMISSED** with prejudice as frivolous.

**The Clerk shall provide a copy of this order to the parties <u>and terminate all other pending motions as moot</u>.  The Clerk shall also provide a copy of this order by regular mail, Federal Express, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

It is so ORDERED.

SIGNED this 15th day of July, 2013.

_____
Gregg Costa
United States District Judge